UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| APRIL GOOLSBY, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| V. | 3:25-cv-1026 |
| REPUBLIC SERVICES CUSTOMER RESOURCE CENTER WEST, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, April Goolsby, by and through undersigned counsel, de Ondarza Simmons, PLLC, and hereby files this Complaint, and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This Court has personal jurisdiction over Defendant because Defendant conducts business in North Carolina.

3. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Western District of North Carolina.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is located in this judicial district and a substantial part of the events or omissions giving rise to the

claims occurred in this judicial district.

5. Plaintiff exhausted her administrative remedies in this matter. *Dismissal and Notice of Rights, Ex. 1.*

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of Shelby, Cleveland County, North Carolina.

7. Defendant Republic Services Customer Resource Center West, LLC ("Defendant" or "Republic") is a foreign limited liability company that is not registered to conduct business in the State of North Carolina but is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

8. At all times relevant hereto, Defendant was an "employer" within the meaning of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9. Defendant may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by serving its authorized agent, Jerry H. Walters Jr. Esq., 620 South Tryon Street, Suite 950, Charlotte, North Carolina, 28202.

10. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

11. Plaintiff began her employment with Defendant in October 2022.

12. Plaintiff worked remotely from her home in Shelby, North Carolina.

13. Plaintiff was employed most recently as a Billing Specialist/Customer Resource Specialist.

14. Plaintiff reported directly to Service Supervisor Arescia Moore.

15. Prior to the events at issue, Plaintiff had a positive work history.

16. Prior to the events at issue, Plaintiff consistently met Defendant's performance expectations.

17. On or about April 19, 2023, Plaintiff's husband, Mr. Orlando Goolsby, had an employment dispute with Defendant.

18. In June 2023, Plaintiff's husband resolved his employment dispute with Defendant.

19. In late 2023, Plaintiff began to experience connectivity issues that disrupted her phone calls with customers.

20. Defendant's customary practice when an employee experiences connectivity issues is for the employee to inform their supervisor.

21. Plaintiff reported her connectivity issues to Ms. Moore.

22. Ms. Moore instructed Plaintiff to restart her computer when there were connection issues.

23. Plaintiff did as she was instructed.

24. Plaintiff's connectivity issues persisted intermittently for the next several months.

25. Plaintiff continued experiencing connectivity issues and continued informing Ms. Moore of said issues. Ms. Moore's instructions remained the same.

26. In March 2024, Defendant accused Plaintiff of "work avoidance."

27. In March 2024, Defendant accused Plaintiff of improperly handling customer calls.

28. Defendant did not issue any written disciplinary action to Plaintiff in connection with these accusations.

29. During March 2024, Plaintiff ranked among the top performers within a group of fifteen Billing Specialists/Customer Resource Specialists reporting to Ms. Moore.

30. Plaintiff achieved a quality score of 87%, a schedule adherence rate of 95%, and a net promoter score of 4.7 out of 5, and was one of five (out of fifteen) Billing Specialists/Customer Resource Specialists who met performance expectations for the

3

month of March.

31. During April 2024, Plaintiff ranked among the top performers within a group of fifteen Billing Specialists/Customer Resource Specialists reporting to Ms. Moore.

32. Plaintiff achieved a quality score of 90%, a schedule adherence rate of 95%, and a net promoter score of 4.7 out of 5 and was one of five (out of fifteen) Billing Specialists/Customer Resource Specialists who met performance expectations for the month of April.

33. On May 6, 2024, Plaintiff dislocated her elbow, which required emergency medical treatment.

34. On May 7, 2024, as per company practice and policy, Plaintiff reported her absence through Defendant's attendance application.

35. On May 7, 2024, as per company practice and policy, Plaintiff communicated with Ms. Moore regarding her absence.

36. Plaintiff's physician required Plaintiff to wear an elbow brace for approximately one week.

37. Plaintiff's elbow injury substantially limited her range of movement, detrimentally impacting her typing and operating a computer mouse, during the relevant period.

38. On May 8, 2024, Plaintiff returned to work.

39. Plaintiff remained able to perform the essential functions of her position while wearing the elbow brace.

40. Plaintiff continued to experience connectivity issues after returning to work.

41. Plaintiff noticed that the connectivity issues usually occurred when receiving back-to-back customer calls.

42. Plaintiff informed Ms. Moore of the ongoing connectivity issues and Plaintiff's new theory regarding this issue.

43. For the first time, Ms. Moore advised Plaintiff to address the connectivity issue with Defendant's Information Technology department ("IT").

44. Plaintiff complied with that instruction.

45. IT confirmed with Plaintiff that the connectivity issues were associated with back-to-back customer calls.

46. IT recommended that Plaintiff unplug and restart her computer when connectivity issues occurred.

47. On May 12, 2024, Plaintiff notified Defendant in advance that she would be absent on May 13, 2024, for a follow-up medical appointment.

48. On May 13, 2024, Plaintiff attended a follow-up medical appointment related to her injury.

49. After the appointment, Plaintiff informed Ms. Moore that Plaintiff was given a new elbow brace to wear for an indefinite period.

50. On May 15, 2024, Defendant terminated Plaintiff's employment.

51. Defendant cited alleged work avoidance and poor performance as reasons for terminating Plaintiff.

52. Plaintiff did not receive any written discipline prior to her termination.

53. Plaintiff was a high-performing employee for several consecutive months immediately preceding her termination.

54. On October 1, 2024, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation, Charge No. 430-2025-00001.

55. Plaintiff received her Dismissal and Notice of Rights from the EEOC, dated September 26, 2025. *Dismissal and Notice of Rights, Ex. 1*.

56.

## IV. CLAIMS FOR RELIEF

### COUNT I: ADA DISCRIMINATION (TERMINATION)

57. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

58. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

59. Defendant was aware of Plaintiff's disability.

60. Defendant was aware of Plaintiff's ongoing medical condition.

61. Plaintiff remained able to perform the essential functions of her position.

62. Despite Plaintiff's ability to work, Defendant subjected Plaintiff to adverse employment action, including termination.

63. The close temporal proximity between Defendant's awareness of Plaintiff's disability-related limitations continuing indefinitely and Plaintiff's termination supports a reasonable inference of discriminatory animus.

64. Defendant's termination of Plaintiff for alleged work avoidance and poor performance, despite Plaintiff's strong performance relative to similarly situated non-disabled employees, supports a reasonable inference that Defendant's stated reasons were a pretext for disability discrimination.

65. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages for which she is entitled to recover.

### COUNT II: TITLE VII RETALIATION (THIRD-PARTY/ASSOCIATIONAL RETALIATION)

66. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

67. On or about April 19, 2023, through June 5, 2023, Plaintiff's husband, Orlando Goolsby,

engaged in protected activity.

68. Defendant was aware of Mr. Goolsby's protected activity.

69. Defendant was aware of Plaintiff's marital relationship to Mr. Goolsby.

70. In late 2023, Defendant failed to provide Plaintiff with adequate support regarding her connectivity issues.

71. Beginning in or around March 2024, Defendant accused Plaintiff of work avoidance.

72. Beginning in or around March 2024, Defendant accused Plaintiff of improper handling of customer calls.

73. On or about May 15, 2024, Defendant terminated Plaintiff's employment.

74. Defendant's actions against Plaintiff were materially adverse and would dissuade a reasonable employee from engaging in protected activity.

75. Defendant took these adverse actions because of Mr. Goolsby's protected activity.

76. Defendant took these adverse actions because of Plaintiff's association with Mr. Goolsby and his protected activity.

77. Defendant's knowledge of Plaintiff's association with Mr. Goolsby and his protected activity, combined with the inconsistency between Defendant's stated reasons for termination and Plaintiff's performance metrics relative to her peers, supports a reasonable inference that Defendant's stated reasons were pretextual.

78. Defendant's conduct constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964.

79. Plaintiff has suffered damages as a result of Defendant's actions, for which she is entitled to recover.

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual, compensatory, and liquidated damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation, and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h. Any other relief this Court deems proper and just.

Respectfully submitted this 28th of December, 2025.

/s/ Inez de Ondarza Simmons
Inez de Ondarza Simmons, Esq.
de Ondarza Simmons, PLLC
NCBAR No.: 34303
4030 Wake Forest Road, Suite 319
Raleigh, NC 27609
Tel.: 984-837-0361
Fax: 919-277-1720
E-mail: inez@deondarzasimmons.com
*Local Rule 83.1 Counsel for Plaintiff*

Kirby G. Smith
Georgia Bar No. 250119
2872 Woodcock Blvd.
Suite 225
Atlanta, GA 30341
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com
*Pro Hac Vice Application Forthcoming*